SEAN P. GATES (CA SBN 186247)
SGates@charislex.com
CHARIS LEX P.C.
301 N. Lake Ave., Suite 1100
Pasadena, California 91101
Telephone: 626.508.1717
Facsimile: 626.508.1730

Attorneys for Defendants
Valley Christian Academy, First Baptist Church,
and Joel Mikkelson

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

E.H., a minor by and through her guardian ad litem SONYA HERRERA

Plaintiff,

v.

VALLEY CHRISTIAN ACADEMY, FIRST BAPTIST CHURCH, JOEL MIKKELSON, and DOES 1–30.

Defendants.

Case No.: 2:21-cv-07574-SB-GJS

**NOTICE OF MOTION AND MOTION TO DISMISS; DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Date: Jan. 21, 2022
Time: 8:30 am
Courtroom: 6C

Hon. Stanley Blumenfeld Jr.

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 21, 2022, at 8:30 a.m., or as soon thereafter as the matter may be heard, at the U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Courtroom 6C, defendants Valley Christian Academy, First Baptist Church, and Joel Mikkelson, will and hereby do move this Court for an order dismissing Plaintiff's complaint. Dismissal is warranted, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff fails to state a claim for relief.

The motion is based upon this Notice; defendant's Memorandum of Points and Authorities; the pleadings, files, and records in this action; and such additional evidence and arguments as may be presented at the hearing of this motion.

This motion is made following a conference of counsel pursuant to Civil Local Rule 7-3, during which counsel thoroughly discussed the substance and potential resolution of the filed motion by phone, which took place on November 17, 2021.

Dated: Nov. 29, 2021 Respectfully submitted,

By: *\/s/ Sean P. Gates*
Sean P. Gates
CHARIS LEX P.C.
Attorneys for Defendants
Valley Christian Academy, First Baptist Church, and Joel Mikkelson

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. THE COMPLAINT'S ALLEGATIONS .......... 2

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 3

A. Plaintiff's Title IX claim fails. .......... 3

1. Title IX does not apply to Valley Christian. .......... 4

a) Plaintiff fails plausibly to allege that Valley Christian received federal financial assistance. .......... 4

b) Title IX does not apply just because Valley Christian is a member of the California Interscholastic Federation. .......... 4

2. As a student at a *different* institution, Plaintiff's claim against Valley Christian falls outside the zone of interests of Title IX. .......... 5

3. Plaintiff's claim is barred by two Title IX exceptions. .......... 7

c) Title IX does not apply to contact sports. .......... 7

d) Title IX does not apply when, as here, it contradicts a religious organization's religious tenets. .......... 8

B. For the same reasons, Plaintiff's claim fails under the California Education Code. .......... 8

C. Plaintiff states no section 1983 claim; Defendants are not state actors. .......... 9

B. The Unruh Act does not apply. .......... 11

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Cases

*Adams by & Through Adams v. Baker*, 919 F. Supp. 1496 (D. Kan. 1996) ....... 7

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) ....... 9

*Arocho v. Ohio Univ.*, 2020 U.S. Dist. LEXIS 222248 (S.D. Ohio Oct. 28, 2020) ....... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....... 3

*Barnett v. Tex. Wrestling Ass'n*, 16 F. Supp. 2d 690 (N.D. Tex. 1998) ....... 8

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288 (2001) ....... 11

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806 (9th Cir. 2010) ....... 11

*Conviser v. DePaul Univ.*, 2021 WL 1212800, 2021 U.S. Dist. LEXIS 62632 (N.D. Ill. Mar. 31, 2021) ....... 6

*Curran v. Mount Diablo Council of the Boy Scouts*, 17 Cal. 4th 670 (1998) ....... 11

*Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999) ....... 6

*Doe v. Brown Univ.*, 896 F.3d 127 (1st Cir. 2018) ....... 5

*Doe v. Cal. Lutheran High Sch. Ass'n*, 170 Cal. App. 4th 828 (2009) ....... 12

*Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567 (2008) ....... 8

*Faculty, Alumni, and Students Opposed to Racial Preferences v. Harvard Law Review Ass'n*, 2019 WL 3754023, 2019 U.S. Dist. LEXIS 133181 (D. Mass. Aug. 8, 2019) ....... 4

*Force v. Pierce City R-VI Sch. Dist.*,
570 F. Supp. 1020 (W.D. Mo. 1983) .......... 7

*Harrison v. Wells Fargo Bank, N.A.*,
2019 WL 2515582, 2019 U.S. Dist. LEXIS 101964 (N.D. Cal. June 18, 2019) .......... 4

*Kirtley v. Rainey*,
326 F.3d 1088 (9th Cir. 2003) .......... 10

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) .......... 5

*M.M. v. San Juan Unified Sch. Dist.*,
2020 WL 5702265, 2020 U.S. Dist. LEXIS 175940 (E.D. Cal. Sep. 23, 2020) .......... 6

*McGee v. Poverello House*,
2019 WL 5596875, 2019 U.S. Dist. LEXIS 189586 (E.D. Cal. Oct. 30, 2019) .......... 12

*Moeck v. Pleasant Valley Sch. Dist.*,
179 F. Supp. 3d 442 (M.D. Pa. 2016) .......... 7

*N. Haven Bd. of Educ. v. Bell*,
456 U.S. 512 (1982) .......... 5, 6

*NCAA v. Smith*,
525 U.S. 459 (1999) .......... 5

*O'Connor v. Bd. of Educ.*,
645 F.2d 578 (7th Cir. 1981) .......... 7

*Ollier v. Sweetwater Union High Sch. Dist.*,
768 F.3d 843 (9th Cir. 2014) .......... 7

*Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) .......... 4

*Parks Sch. of Bus. v. Symington*,
51 F.3d 1480 (9th Cir. 1995) .......... 10

*Preyer v. Dartmouth Coll.*,
968 F. Supp. 20 (D.N.H. 1997) .......... 6

*Randall v. Orange Cty. Council*,
17 Cal. 4th 736 (1998) .......... 11

*Rendell-Baker v. Kohn*,
457 U.S. 830 (1982) .......... 10

*Roe v. Rialto Unified Sch. Dist.*, 2019 WL 6520048, 2019 U.S. Dist. LEXIS 211097 (C.D. Cal. Aug. 22, 2019) ...... 4

*Shebley v. United Cont'l Holdings, Inc.*, 2020 WL 2836796, 2020 U.S. Dist. LEXIS 94768 (N.D. Ill. May 31, 2020) .......... 4

*Smith v. Tobinworld*, 2016 WL 3519244, 2016 U.S. Dist. LEXIS 83960 (N.D. Cal. June 28, 2016) ........ 9

*Steffes v. Cal. Interscholastic Fed'n*, 176 Cal. App. 3d 739 (1986) ........ 11

*Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999) ........ 9

*West v. Atkins*, 487 U.S. 42 (1988) ........ 9

*Williams v. Sch. Dist.*, 998 F.2d 168 (3d Cir. 1993) ........ 7

**Statutes**

20 U.S.C § 1681 ........ 4, 5, 8

42 U.S.C. § 1983 ........ 9

Cal. Educ. Code § 221 ........ 9

Cal. Educ. Code. § 201 ........ 8

Cal. Educ. Code. § 220 ........ 9

**Regulations**

34 C.F.R. § 106.41 ........ 7

45 C.F.R. § 86.41 ........ 7

**Other Authorities**

81 Ops. Cal. Atty. Gen. 189 (1998) ........ 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is brought by a student under Title IX, the California Education Code, 28 U.S.C. § 1983, and California's Unruh Act against an educational institution. But the case is unusual because Plaintiff does not *attend* the institution she is suing. Indeed, Plaintiff finds no fault with *her* institution. Rather, Plaintiff faults a *competing* institution, Valley Christian Academy, for declining to play against her team in the most violent contact sport of all—tackle football—because that would violate Valley Christian's religious convictions. For many reasons, the complaint fails to state a claim.

As to Title IX, *first,* Plaintiff fails to allege any facts suggesting that Valley Christian receives federal funding, which is required for Title IX to apply. *Second*, Plaintiff's claim falls outside the zone of interests of Title IX, which—the U.S. Supreme Court tells us—protects plaintiffs facing discrimination in admission *to* an institution or facing discrimination *within* the institution. But Plaintiff is not applying *to* Valley Christian. Nor is she a student *within* Valley Christian. Instead, she is trying to force Valley Christian to change its policies as a *non-student* who competes *against* Valley Christian. She is thus outside the class of plaintiffs protected by Title IX. *Third*, Title IX does not apply because it contains an exception for contact sports. Thus, Valley Christian could have declined to allow Plaintiff to play on its *own* tackle football team. It was thus all the more entitled to decline to play against Plaintiff in a single game. *Fourth*, Title IX does not apply when it contradicts the religious tenets of the institution. And that is alleged here, too. As the complaint itself asserts, Valley Christian's handbook states that—for religious reasons—"[t]here is to be no physical contact between boys and girls."

Plaintiff's Education Code claim fails for the same reasons. Plaintiff's section 1983 claim fails for the simple reason that defendants (a Christian school, church, and pastor) are not state actors. And her Unruh Act claim fails because a Christian school and church are not "business establishments." In short, Plaintiff's desire as a non-student to force Valley Christian to play a tackle football game is no basis for a federal, or state, lawsuit.

## II. THE COMPLAINT'S ALLEGATIONS

First Baptist Church is "an independent Baptist Church" with an "educational mission" to "'encourage students to develop a heart for God and a biblical worldview.'" *Id.* ¶ 19. First Baptist operates Valley Christian, a "private, religious pre-K through 12th grade school." *Id.* ¶¶ 23. As an "'educational ministry'" of the church, Valley Christian "operates … 'in accordance with the teachings of Scripture.'" *Id.* ¶¶ 23, 24. Joel Mikkelson is the Lead Pastor of First Baptist and Superintendent of Valley Christian. *Id.* ¶ 25. Plaintiff is the only female player on Cuyama Valley High School's football team. Compl. ¶ 62.

Cuyuma Valley and Valley Christian played a league-scheduled football scrimmage in March 2021; Plaintiff played as a wide receiver for Cuyama Valley. Compl. ¶¶ 66, 67. According to the complaint, no one from Valley Christian knew that Plaintiff was female until the end of the game. *Id.* ¶ 68. The complaint alleges that after Plaintiff removed her helmet at the end of scrimmage, revealing that she is a female, "the observers, coaches and administrators of Defendant Valley Christian … glared at Plaintiff while shaking their heads in disbelief." *Id.* ¶¶ 72, 73.

A few days later, Pastor Mikkelson wrote to Cuyuma Valley's Superintendent to "explain a decision" made by Valley Christian "that impacts the upcoming football schedule." Compl. Ex. A. As stated in the letter, Valley Christian "is guided, first, by the authority of the Bible in our lives" and that "God's word gives instructions as to how men are to treat women." *Id.* On that basis, Valley Christian's handbook states, "'[t]here is to be no physical contact between boys and girls.'" *Id.* The letter continued:

> As we train our young men in this world, we want to train them rigorously to admire and value women as precious and worthy of respect. We recognize that we live in a society that exploits women and treats them as commodities rather than with the respect and honor that they deserve. Football is a violent game, and we understand the value of such in training our young men within the boundaries of an organized sport. However, because of the nature of its contact, we will not play a team that has a female as part of its football team.

*Id*. at Ex. A.

Plaintiff alleges that Valley Christian's membership in the California Interscholastic Federation ("CIF"), which oversees high-school sports in California, subjects Valley Christian to Title IX, the California Education Code, and makes Valley Christian, First Baptist, and Pastor Mikkelson state actors. Compl. ¶¶ 41, 43, 96, 114, 125. According to the complaint, member schools are "obligated to comply with the provisions of Title IX and all applicable civil rights laws because a condition of membership in the CIF is to 'not discriminate on the basis of sex' and '[p]rivate schools in the CIF [are obligated to] comply with Title IX as it is a 'civil rights' issue protected by federal law." *Id.* ¶ 54 (alterations original) (quoting CIF, Equity in Athletics). Member schools that "fail to comply with the CIF Constitution and Bylaws" are subject to "penalties, sanctions, and possible suspension from CIF." *Id.* ¶ 55. Plaintiff also alleges that Valley Christian and First Baptist are "business establishments" subject to the California Unruh Act. *Id.* at 143.[1]

## III. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). In resolving a 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And it need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 678–80.

## IV. ARGUMENT

### A. Plaintiff's Title IX claim fails.

Plaintiff's Title IX claim fails for three reasons. First, Plaintiff fails to allege facts showing that Valley Christian is subject to Title IX in the first place. Second, Plaintiff's

[1] During the parties' meet and confer, Plaintiff's counsel clarified that the complaint erroneously states that Plaintiff claims intentional infliction of emotional distress.

claim falls outside the zone of interests of the statute. And third, Plaintiff's claim is barred by two statutory exceptions.

**1. Title IX does not apply to Valley Christian.**

Because Title IX applies only to an "education program or activity receiving Federal financial assistance" (20 U.S.C § 1681(a)), a plaintiff cannot state a claim without alleging facts showing receipt of federal financial assistance (*e.g.*, *Roe v. Rialto Unified Sch. Dist.*, 2019 WL 6520048, 2019 U.S. Dist. LEXIS 211097, at *9 (C.D. Cal. Aug. 22, 2019)).

**a) Plaintiff fails plausibly to allege that Valley Christian received federal financial assistance.**

Plaintiff alleges solely "[o]n information and belief" that Valley Christian receives federal financial assistance. Compl. ¶ 96. Although pleading on information and belief is occasionally allowed (*Park v. Thompson*, 851 F.3d 910, 928–29 (9th Cir. 2017)), "[c]onclusory allegations of [federal financial] assistance" made "on information and belief" are "not enough to state a claim" under federal antidiscrimination laws (*Shebley v. United Cont'l Holdings, Inc.*, 2020 WL 2836796, 2020 U.S. Dist. LEXIS 94768, at *12–14 (N.D. Ill. May 31, 2020)). Nor is it enough to merely assert that defendant is "a 'program or activity' that 'receives Federal financial assistance.'" *Faculty, Alumni, and Students Opposed to Racial Preferences v. Harvard Law Review Ass'n*, 2019 WL 3754023, 2019 U.S. Dist. LEXIS 133181, at *23 (D. Mass. Aug. 8, 2019). These demands apply with extra force here because Valley Christian is a "private, religious pre-K through 12th grade school." Compl. ¶ 22. "Other than the conclusory allegation that [Valley Christian] receives federal financial assistance, plaintiff pleads no other facts from which this [Court] may reasonably draw such a conclusion." *Harrison v. Wells Fargo Bank, N.A.*, 2019 WL 2515582, 2019 U.S. Dist. LEXIS 101964, at *7–8 (N.D. Cal. June 18, 2019).

**b) Title IX does not apply just because Valley Christian is a member of the California Interscholastic Federation.**

It is no answer to say that Valley Christian "is obligated to comply with and is subject to Title IX" because it is a member of CIF. Compl. ¶ 96. Although CIF's membership

rules allegedly required Valley Christian to "comply with … Title IX," that merely means that *CIF* may penalize violations of its "Constitution and Bylaws." *Id.* ¶¶ 54, 55. CIF's rules cannot make Valley Christian subject to a lawsuit under *Title IX*; only recipients of federal financial assistance may be subject to such suits. *NCAA v. Smith*, 525 U.S. 459, 468 (1999) (holding that the NCAA is *not* subject to Title IX because it receives no federal financial assistance, even though it receives member dues from institutions that do).

**2. As a student at a *different* institution, Plaintiff's claim against Valley Christian falls outside the zone of interests of Title IX.**

Even if Title IX applied, Plaintiff's claim falls outside its zone of interests. Title IX is limited to proscribing "discrimination under any education program or activity" that receives federal financial assistance. 20 U.S.C § 1681(a). With this language, Congress intended to prevent "three basically different types of discrimination":

- "discrimination in admission to an institution";
- "discrimination of available services or studies within an institution once students are admitted"; and
- "discrimination in employment within an institution."

*N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 526–27 (1982). Plaintiff is a student at a *different* institution. She is not facing discrimination in seeking admission "to an institution" or "within an institution." She is therefore not within the "class of plaintiffs whom Congress has authorized to sue." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).

"[I]n order for a person to experience sex 'discrimination under an education program or activity,' that person must suffer unjust or prejudicial treatment on the basis of sex *while participating, or at least attempting to participate, in the funding recipient's education program or activity*." *Doe v. Brown Univ.*, 896 F.3d 127, 131 (1st Cir. 2018) (emphasis added). Thus, the court held that a student from a *different* school who had been sexually assaulted on the defendant's campus could not bring a Title IX claim, even though

the trauma forced the student to withdraw from the federally financed educational program at her school. *Id.*

Plaintiff alleges that she participates in the educational programs and activities at *Cuyama Valley* (*viz.*, its football team) but not at *Valley Christian*. It does not matter that Plaintiff's allegations focus on a *competition* between her school's team and Valley Christian's. What matters that she failed to allege that she participated in *Valley Christian's* team. *See*, *e.g.*, *N. Haven Bd. of Educ.*, 456 U.S. at 526–27 (statute focused on "discrimination of available services or studies *within* an institution once students are admitted") (emphasis added); *Arocho v. Ohio Univ.*, 2020 U.S. Dist. LEXIS 222248, at *5 (S.D. Ohio Oct. 28, 2020) (participation in career day at defendant university not sufficient); *Preyer v. Dartmouth Coll.*, 968 F. Supp. 20, 25 (D.N.H. 1997) ("plaintiff has not alleged that she is a Dartmouth student"). As a non-student at Valley Christian, Plaintiff has "not plausibly alleged" that she was prevented from "accessing [its] programs or activities." *Conviser v. DePaul Univ.*, 2021 WL 1212800, 2021 U.S. Dist. LEXIS 62632, *26 (N.D. Ill. Mar. 31, 2021) (clinical psychologist retained by school to provide services coaches, managers, and student-athletes could not bring claim under Title IX).

Meanwhile, Plaintiff will continue to be a member of the Cuyama Valley team. Compl. ¶ 62. All that has changed is that Plaintiff's team will no longer play Valley Christian. Even if she could sue Valley Christian as a non-student, then, she still would not have faced any "concrete, negative effect" on her "ability to receive an education." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650, 654 (1999); *cf. M.M. v. San Juan Unified Sch. Dist.*, 2020 WL 5702265, 2020 U.S. Dist. LEXIS 175940, at *18–19 (E.D. Cal. Sep. 23, 2020) ("Examples of a negative impact on access may include dropping grades, being diagnosed with behavioral and/or anxiety disorders, and becoming homebound or hospitalized due to harassment, physical violence, or sexual assault."). But she cannot sue Valley Christian because, as a non-student, she is not among the class of plaintiffs protected by Title IX. *N. Haven Bd. of Educ.*, 456 U.S. at 526–27.

**3. Plaintiff's claim is barred by two Title IX exceptions.**

Plaintiff's Title IX claim also fails on the merits because of two exceptions. First, Title IX makes an exception for contact sports, such as football. Second, Title IX does not require a religious school to engage in activity contrary to its religious tenets.

**c) Title IX does not apply to contact sports.**

Both the Department of Education and the Department of Health and Human Services have promulgated regulations interpreting Title IX that expressly allow schools to exclude members of the opposite sex from teams engaged in "contact sports," such as "football," even if the school has "no such team for members of the other sex" and "athletic opportunities for members of that sex have previously been limited." 34 C.F.R. § 106.41; 45 C.F.R. § 86.41. The Ninth Circuit gives *Chevron* deference to these regulations. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 855 & n.5 (9th Cir. 2014).

The "contact sport exception" is "the broadest exception recognized to the overarching goal of equal athletic opportunity." *Williams v. Sch. Dist.*, 998 F.2d 168, 172 (3d Cir. 1993). It precludes plaintiffs from bringing Title IX claims for being excluded from opposite-sex contact sports teams, such as wrestling, basketball, and football. *E.g.*, *O'Connor v. Bd. of Educ.*, 645 F.2d 578, 582 (7th Cir. 1981) (Title IX's regulations "expressly … permit exclusion of girls from contact sports, including basketball"); *Force v. Pierce City R-VI Sch. Dist.*, 570 F. Supp. 1020, 1025 (W.D. Mo. 1983) (football).

Plaintiff thus may not claim that she was excluded from playing a contact sport because of her sex. Indeed, she could not bring a Title IX claim if she were excluded from Valley Christian's all-male football team. *E.g.*, *Moeck v. Pleasant Valley Sch. Dist.*, 179 F. Supp. 3d 442, 446 (M.D. Pa. 2016) ("Title IX provides no right for plaintiff to be a team member or even try out for her school's wrestling team."); *Adams by & Through Adams v. Baker*, 919 F. Supp. 1496, 1503 (D. Kan. 1996) ("Because wrestling is a contact sport, Title IX does not require that Valley Center High School allow a female to try out for the boys wrestling team."). Even if Plaintiff had attended Valley Christian, then, it was "free to exclude [Plaintiff] from participation in boys [football] without fear of Title IX liability."

*Barnett v. Tex. Wrestling Ass'n*, 16 F. Supp. 2d 690, 695 (N.D. Tex. 1998). Valley Christian was thus all the more entitled to decline to play against Plaintiff in a single game.

**d) Title IX does not apply when, as here, it contradicts a religious organization's religious tenets.**

Plaintiff's Title IX claim is also barred by the statutory exception for religious organizations. Title IX does "not apply to an educational institution which is controlled by a religious organization if the application of this subsection would not be consistent with the religious tenets of such organization." 20 U.S.C.S. § 1681 (a)(3).

This exception applies here. According to the complaint, Valley Christian, a "private, religious pre-K through 12th grade school," operated as an "educational ministry" of "an independent Baptist Church," First Baptist. *Id.* ¶¶ 19, 23. Valley Christian thus "operates and exists … 'in accordance with the teachings of Scripture.'" *Id.* ¶ 24.

Under the complaint, Valley Christian's decision not to play football against opposing teams that include female players was driven by its religious tenets. Based on those tenets, Valley Christian prohibits any "physical contact between boys and girls." *Id.* at Ex. A. And based on the "guiding principles of the Bible regarding the care of a woman," Valley Christian declines to participate in football games against a "team that has a female" because of the "violent" nature of contact between players. *Id.*

The contact-sport and religious-organization exceptions bar Plaintiff's claims.

**B. For the same reasons, Plaintiff's claim fails under the California Education Code.**

Plaintiff fares no better under state law. The California legislature intended Education Code section 220 to have the same elements and be interpreted consistent with Title IX. *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 581 (2008) ("the Legislature intended Title IX's elements to govern an action under section 220"); Cal. Educ. Code § 201(g) ("It is the intent of the Legislature that this chapter shall be interpreted as consistent with … Title IX"). Plaintiff's claim under the California Education Code therefore fails for the same reasons that her Title IX claim fails.

First, Plaintiff nowhere alleges, as she must, that Valley Christian is an "educational institution that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid." Cal. Educ. Code § 220. *See*, *e.g.*, *Smith v. Tobinworld*, 2016 WL 3519244, 2016 U.S. Dist. LEXIS 83960, at *25–27 (N.D. Cal. June 28, 2016) (dismissing complaint).

Second, Plaintiff's allegation that the Education Code applies because Valley Christian is a member of CIF fails for the same reasons that membership in the CIF does not make Valley Christian subject to a private action under Title IX. *Supra* at 4. CIF's bylaws might incorporate some elements of the Education Code, but a breach of CIF's bylaws does not give Plaintiff a right of action under the Code.

Third, in language closely similar to Title IX, Education Code section 220 prohibits discrimination "in any program or activity conducted by an educational institution." Thus, the even if Valley Christian were subject to section 220, Plaintiff states no claim for the same reason that her claim falls outside the zone of interests of Title IX. *Supra* at 5–6.

And finally, Plaintiff's claim is barred because the Education Code has an exception for religious schools identical to that in Title IX. *See* Cal. Educ. Code § 221.

**C. Plaintiff states no section 1983 claim; Defendants are not state actors.**

Plaintiff's claim under 42 U.S.C. § 1983 fails because Defendants are not state actors. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (under section 1983, "the party charged with the deprivation [of rights] must be a person who may fairly be said to be a state actor"). Plaintiff makes no allegations that the church, its school, or its lead pastor are government actors. And section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, when "addressing whether a private party acted under color of law," the court must "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Plaintiff must therefore allege facts showing that the alleged

infringement of her constitutional rights is "fairly attributable to the government." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Trying to make this connection, Plaintiff relies on Valley Christian's membership in CIF. She alleges that defendants are "obligated to comply with the constitutional rights afforded to member participants in interscholastic athletics as promulgated by the bylaws and all applicable provisions of the CIF." Compl. ¶ 113. And according to the complaint, Valley Christian, "as a member school of the CIF, acted under color of state law" to discriminate against Plaintiff. *Id.* ¶ 114. These allegations do not transform defendants into state actors.

To determine whether private conduct can be fairly attributable to the government, the Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal quotation marks omitted). Plaintiff's complaint satisfies none of these tests.

Under the *public function* test, Plaintiff must allege that private actors are "endowed by the State with powers or functions governmental in nature," thereby becoming "agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley*, 326 F.3d at 1093 (internal quotation marks omitted). Plaintiff's claim fails this test because the function at issue—a private, religious school participating in a football game—is not "both traditionally and exclusively governmental." *Id.*

Under the *joint action* test, Plaintiff must allege facts showing that "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley*, 326 F.3d at 1093 (internal quotation marks omitted). No such allegations appear in the complaint.

The *state compulsion* test "considers whether some state regulation or policy compelled the offensive action." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995). Again, there are no such allegations here.

To meet the *nexus* test, Plaintiff would have to allege facts showing "such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted). Such an "entwinement" has been found between the state and state athletic associations, such as CIF, that are "overwhelmingly composed of public school officials" who "do not merely control but overwhelmingly perform all but the purely ministerial acts by which the Association exists and functions in practical terms." *Id.* at 299–301. *CIF's* enforcement of its rules therefore "constitutes 'state action' for purposes of constitutional analysis." *Steffes v. Cal. Interscholastic Fed'n*, 176 Cal. App. 3d 739, 746 (1986).

But Plaintiff does not challenge CIF's enforcement of its rules. Instead, Plaintiff challenges the decision of a private school member of CIF, claiming that mere membership in CIF makes a private school a state actor. Compl. ¶ 114. That is not enough to show the type of "entwinement" necessary under the nexus test. There are no "allegations that state actors were involved in [Valley Christian's] governing board" or that any government actor "played any role" in the challenged decision of the school. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 816 n.6 (9th Cir. 2010).

Plaintiff's section 1983 claim must be dismissed.

**B. The Unruh Act does not apply.**

Plaintiff's claim under the California Unruh Act fails because First Baptist and Valley Christian are not "business establishments." Cal. Civ. Code § 51. That term does not include an organization "whose primary function is the inculcation of a specific set of values" and whose "facilities and activities are complementary to the organization's primary purpose." *Curran v. Mount Diablo Council of the Boy Scouts*, 17 Cal. 4th 670, 697 (1998). Thus, the Act does not apply to a "charitable organization with a predominantly expressive social purpose unrelated to the promotion of the economic interests of its members." *Randall v. Orange Cty. Council*, 17 Cal. 4th 736, 744 (1998). Nor does it "apply to private social clubs, including a private religious school that is 'an expressive social organization

whose primary function is the inculcation of values in its youth members.'" *McGee v. Poverello House*, 2019 WL 5596875, 2019 U.S. Dist. LEXIS 189586, at *14 (E.D. Cal. Oct. 30, 2019) (quoting *Doe v. Cal. Lutheran High Sch. Ass'n*, 170 Cal. App. 4th 828, 838 (2009)). Thus, a private religious high school is not a "business establishment," even if it charges students for education and transacts business with the public at sporting events. *Cal. Lutheran*, 170 Cal. App. 4th at 839–40.

Applying these principles, the Act does not apply here. First Baptist is "an independent Baptist Church" with an "educational mission" to "'encourage students to develop a heart for God and a biblical worldview.'" Compl. ¶ 19. It is not a business establishment. For its part, Valley Christian, a "private, religious pre-K through 12th grade school, "operates and exists … 'in accordance with the teachings of Scripture.'" *Id.* ¶¶ 23, 24. As such, it "'has as its overall purpose and function the education of children in keeping with its religious beliefs. The inculcation of a specific set of values, with programs designed to teach the moral principles to which the [school] subscribes, prevents such a school from being considered a 'business establishment[.]'" *Id.* at 839 (quoting 81 Ops. Cal. Atty. Gen. 189 (1998)) (internal quotations omitted; alternation in original).

Plaintiff's Unruh Act claim must be dismissed.

## V. CONCLUSION

For all of these reasons, the complaint should be dismissed in its entirety.

Dated: Nov. 29, 2021 Respectfully submitted,

By: */s/ Sean P. Gates*
Sean P. Gates
CHARIS LEX P.C.
Attorneys for Defendants
Valley Christian Academy, First Baptist Church, and Joel Mikkelson