NESENOFF & MILTENBERG, LLP.
ANDREW T. MILTENBERG (NY State Bar
No. 2399582; *admitted pro hac vice*)
amiltenberg@nmllplaw.com
STUART BERNSTEIN (NY State Bar
No. 2371953; *admitted pro hac vice*)
sbernstein@nmllplaw.com
GABRIELLE VINCI (NY State Bar
No.: 5309273; *admitted pro hac vice*)
363 Seventh Avenue, 5th Floor
New York, New York 10001-3904
Telephone: (212) 736-4500
Facsimile: (212) 736-2260

SUSAN E. STARK, SBN 147283
sstark@nmllplaw.com
4 Palo Alto Square
3000 El Camino Real, Suite 200
Palo Alto, California 94306

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| E.H., a minor by and through her guardian *ad litem* SONYA HERRERA<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CHRISTIAN ACADEMY, FIRST BAPTIST CHURCH, JOEL MIKKELSON, and DOES 1-30,<br><br>Defendants. | Case No.: 2:21-cv-07574-MEMF-GJS<br><br>**JOINT RULE 26(F) REPORT**<br>Date:  October 6, 2022<br>Time:  10:00 AM<br>Location: Courtroom 8B: 350 West First Street, Los Angeles, California<br><br>Original Complaint Filed**:** 09/22/2021<br>Amended Complaint Filed: 12/20/2021<br>Responsive Pleading: 09/06/22<br>Trial (Proposed): |

Plaintiff, E.H., a minor ("Plaintiff") by and through her guardian *ad litem* Sonya Herrera and Defendants Valley Christian Academy and First Baptist Church (collectively, "Defendants"), through their respective counsel, met and conferred pursuant to Federal Rule of Civil Procedure 26(f) on September 14, 2022.  The meeting took place telephonically.  Plaintiff's counsel prepared a draft Joint Report, which Defendants' counsel edited thereafter.

### A. Statement of the Case.

#### 1. Plaintiff's Position

This action concerns the intentional gender-based discriminatory practices by Defendants which they applied against Plaintiff to discredit her athletic ability and bar her from interscholastic athletic competition solely because she is female. Defendants invited Plaintiff's football team to come onto their premises to participate in an interscholastic (CIF-sponsored) football game, but then intentionally banned her participation and refused to compete solely based on her gender. Defendants have "justified" their discriminatory conduct and treatment of Plaintiff, under the guise that their religious tenets preclude them from engaging in coed contact sports. Those beliefs are based on antiquated and misogynistic views of womanhood that have no place in interscholastic sports competition in which Defendants are indisputably participants.

#### 2. Defendants' Position

Plaintiff—a high school student—brings this case under Title IX, the California Education Code, and the California Unruh Act. The case is unusual because Plaintiff does not *attend* the school she is suing. Rather, Plaintiff faults a *competing* school, Valley Christian Academy, the church that oversees Valley Christian, and the church's pastor, for declining to play tackle football against her school's team because doing so would violate Defendants' religious convictions. The case not only raises issues regarding the applicability of the statutes, but Defendants will also raise affirmative defenses under the First Amendment.

### B. Subject Matter Jurisdiction

This Court has federal and supplemental jurisdiction over this matter pursuant to 28 U.S.C § 1331 (federal question jurisdiction), 28 U.S.C § 1343(a)(3) (federal civil rights jurisdiction), and 20 U.S.C § 1681 *et seq*. (Title IX of the Educational Amendments of 1972) and 28 U.S.C § 1367 because: (i) the case arises under the law of the United States; (ii) the claims are brought under Title IX of the Educational Amendments of 1972, and 20 U.S.C § 1681 are civil rights claims; and

(iii) the state law claims are so closely related to the federal law claims as to form the same case and controversy under Article III of the U.S. Constitution.

**C.    Legal Issues**

    1.    <u>Plaintiff's Position</u>

- Whether Valley Christian is subject to liability under Title IX and/or the California Education Code in light of its receipt of PPP loan funding and tax-exempt status?
- Whether Plaintiff within the "class of plaintiffs who Congress has authorized to sue" because she was invited by Valley Christian as a rostered member of her high school's football team to come onto Defendants' premises to compete in an inter-scholastic (CIF-sponsored) football game?
- Whether Defendants' actions and/or inactions with respect to Plaintiff were based on Defendants' alleged religious tenets?
- Whether Defendants' justification for excluding Plaintiff from interscholastic sports games is a pretext for unlawful gender discrimination?
- Whether application of liability under Title IX and/or the California Education Code inconsistent with the religious tenets of Valley Christian?
- Does the Title IX contact sport exception not apply in this case because Plaintiff was already a rostered member on a sports team at her high school?

    2.    <u>Defendants' Position</u>

- Whether Title IX applies to Defendants, and if so:
  - as a student at a different school, whether Plaintiff's alleged injuries fall within the zone of interests protected by Title IX;
  - whether the Title IX contact sports exception applies to Defendants' conduct;
  - whether the Title IX religious tenets exception applies to Defendants' conduct.
- Whether California Education Code § 220 applies to Defendants, and if so:

- - as a student at a different school, whether Plaintiff's alleged injury falls within the zone of interests protected by section 220;
  - whether the Education Code religious tenets exception applies to Defendants' conduct.
- Whether the application of Title IX or the California Education Code in this case violates the Religious Freedom Restoration Act, the California Constitution, or the First Amendment of the U.S. Constitution.

### D. Damages

#### 1. Plaintiff's Position

Defendants' conduct toward Plaintiff has caused her harm to her physical well-being, emotional distress, loss of educational opportunities and/or career opportunities and damages to her reputation. The extent and amount of these damages will be determined based on evidence from medical, health and/or psychological professionals and cannot be calculated with any degree of certainty at this time.

#### 2. Defendants' Position

N/A

### E. Parties and Evidence

#### 1. The Parties:

Plaintiff: E.H., a minor by and through her guardian *ad litem* Sonya Herrera;

Defendants: Valley Christian Academy and First Baptist Church. Neither Valley Christian nor First Baptist have any subsidiaries, parents, or affiliates.

#### 2. The Evidence: Plaintiff's Position

The evidence that will bear on the resolution of Plaintiff's claims, includes, but is not limited to the following:

- Defendant Valley Christian's obligation to comply with and be subject to Title IX and the California state equivalent under the California Education Code.

|     |     |
| --- | --- |
| 1   | Documents evidencing such obligation shall include, but not be limited to, documents evidencing Defendant Valley Christian's receipt of government assistance, whether direct or indirect and Defendant First Baptist's use of federal financial assistance to fund Defendant Valley Christian; |

- Prior complaints, grievances, and/or allegations made against Defendants related to sexual misconduct and/or discrimination;
- Policies (including related communications) regarding Defendants' participation in interscholastic sports, and participation in the CIF;
- All files maintained by Defendants, including, but not limited to, the personnel file of Defendant Mikkelson, which relate to or reflect Defendants' differential treatment of girls and boys in any educational program school;
- Documents related to Defendants purported religious tenets and evidence of same;
- Documents and communications related to Defendants' decision to refuse to play football against Plaintiff.

Percipient Witnesses: Plaintiff, her mother, coaches, team members and other students who attended the game and/or were aware of Defendants' refusal to play a game against a female, including, Joel Mikkelson, Superintendent at Valley Christian and Pastor at First Baptist Church, coaches, teachers, students and administrators at Cuyama Valley High School and any other individuals who are later identified through discovery.

Key Documents:  documents evidencing Valley Christian's receipt of federal and state government assistance and/or other benefits (e.g., tax exemptions, etc) that subject it to Title IX and California Education Code § 220; CIF Bylaws, undated letter from Joel Mikkelson to Cuyama Valley High School stating his refusal to play game against Plaintiff because she is female, Valley Christian Student Handbook, other documents obtained through initial disclosures and discovery that bear on the issues in the case.

3. <u>The Evidence: Defendants' Position</u>

Main Evidentiary Issues:

- Any federal or state financial assistance received by Valley Christian, and whether such assistance makes Title IX or California Education Code § 220 applicable to Valley Christian.
- Whether Defendants' conduct was in accordance with the religious tenents of Valley Christian and First Baptist.
- Whether Defendants' conduct was in accordance with their sincerely held religious beliefs.
- Whether CIF requires participating schools to engage in conduct that is contrary to their religious tenents and beliefs.
- Whether Defendants' conduct caused any injury to Plaintiff.
- Plaintiff's injuries, if any, and the extent thereof.

Percipient Witnesses: Joel Mikkelson, Superintendent at Valley Christian and Pastor at First Baptist; Pete Fortier, Athletic Director; Randy Stanford, Asst. Coach; Tim Trenkel, Asst. Coach; parents and students who attended the scrimmage; members of Cuyama Valley High School coaching staff; members of the Board of First Baptist; plaintiff and her parents; teachers and students at Cuyama Valley High School.

Key Documents: Valley Christian Student Handbook; CIF Bylaws.

F. **Insurance**

There is no applicable liability insurance. Church Mutual Insurance Company will partially cover Defendants' defense costs.

G. **Manual for Complex Litigation**

The parties do not believe any of the procedures in the Manual for Complex Litigation should be utilized in this case.

**H.     Motions**

The parties do not intend to bring any motion to add parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I.     Dispositive Motions**

1.     <u>Plaintiff's Position</u>

At this time, Plaintiff does not anticipate bringing any dispositive motions. Motions will only be necessary if any discovery disputes arise.

2.     <u>Defendants' Position</u>

Defendants anticipate bringing a motion for summary judgment on the grounds that (a) Title IX and Education Code § 220 do not apply to Defendants because they did not receive federal or state assistance; (b) Plaintiff's alleged injuries are not within the zone of interests protected by Title IX or Education Code § 220; (c) Plaintiff's Title IX and Education Code § 220 claims fall within the religious tenet and contact sports exceptions to those statutes; (d) the alleged conduct is protected by the Religious Freedom Restoration Act, the California Constitution, and the First Amendment of the U.S. Constitution.

**J.     Status of Discovery**

The parties have exchanged Initial Disclosures pursuant to Rule 26(a)(1)(C), responded to interrogatories, and produced documents pursuant to requests for production. The parties have also engaged in third party document discovery. The parties do not currently have any anticipated disputes.

**K.     Discovery Plan**

The parties do not request any changes in the disclosures under Federal Rule of Civil Procedure 26(a), do not believe that discovery should be conducted in phases or otherwise limited, do

not request any changes to the applicable limitations, and do not request any other orders pertaining to discovery.

### 1. Plaintiff's Plan

Plaintiff has served written discovery demands, including requests for production of documents and interrogatories to each Defendant, either jointly or separately and intends to take depositions (including person-most-qualified/Rule 30(b)(6) witnesses) of Defendant Valley Christian, First Baptist and third parties, specifically athletic director(s), coach(es) and other sports officials, administrators and key people within the CIF and Plaintiff's high school.  At this point, both parties agree that they anticipate that there will not be more than 10 depositions total to be taken by each side. Plaintiff reserves her right to serve additional requests for production and interrogatories in light of the Court's Order denying Defendants' motion to dismiss, and following each deposition as necessary and/or appropriate.

### 2. Defendants' Plan

Defendants intend to seek discovery on the following issues: (a) CIF's rules and their application to CIF members in the case of a conflict with religious convictions; (b) how Plaintiff was treated when she played a scrimmage at Valley Christian, including the conduct of those attending the game; and (c) the extent of plaintiff's alleged injuries (mental anguish, several emotional distress, injury to reputation, loss of educational opportunities, and loss of possible future career prospects), including potential alternative causes of any injuries.  Defendants will therefore seek discovery not only from Plaintiff, but also from third-parties, including: CIF, the Cuyama Valley High School coaching staff, attendees at the scrimmage between the schools, and Cuyama Valley High School students and teachers familiar with Plaintiff.

### L. Expert Discovery

The proposed dates for expert witness disclosures and the expert discovery cutoff are set forth in the attached worksheet.

    **M.**    **Settlement Conference / Alternative Dispute Resolution (ADR)**

The parties have not engaged in substantive settlement discussions but have discussed conceptual and procedural issues. Counsel for both parties have agreed that engaging the services of a neutral selected from the Court Mediation Panel would be the preferred method for ADR.

    **N.**    **Trial**

The parties estimate 3 to 4 days for trial. Plaintiff anticipates calling 4 to 6 witnesses. Defendants anticipate calling between 4 and 6 witnesses.

    **O.**    **Trial Counsel**

<u>For Plaintiff:</u> Andrew Miltenberg, Stuart Bernstein, Susan Stark, Gabrielle Vinci

<u>For Defendants:</u> Sean Gates – lead trial counsel.

    **P.**    **Magistrate Judge**

The parties do not consent to have this matter heard by a Magistrate Judge.

    **Q.**    **Independent Expert or Master**

The parties do not believe the court should appoint an independent expert or master.

    **R.**    **Schedule Worksheet**

The parties attach hereto the completed Schedule Worksheet.

    **S.**    **Class Actions**

This is not a class action.

    **T.**    **Other Issues**

None.

Dated: September 22, 2022                    Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**                **CHARIS LEX PC**

By: _/s/ Susan Stark_                         By: _/s/ Sean P. Gates_
Susan Stark, Esq.                                     Sean P. Gates
Andrew T. Miltenberg, Esq.
*(admitted pro hac vice)*
Stuart Bernstein, Esq.                        *Attorneys for Defendants*
*(admitted pro hac vice)*
Gabrielle M. Vinci, Esq.
*(admitted pro hac vice)*

*Attorneys for Plaintiff*

-and-

**PALAY HEFELFINGER, APC**

**By:** */s/ Brian Hefelfinger*
Brian Hefelfinger, Esq.

*Local Counsel for Plaintiff*

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 2:21-cv-07574 | Case Name: E.H. v. Valley Christian Academy, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Check one:   ☒ Jury Trial   or   ☐ Bench Trial
[Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]
Estimated Duration: 3-4 Days | | 10/09/2023 | 10/09/2023 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine
[Wednesday at 9:00 a.m. at least 19 days before trial] | | 09/20/2023 | 09/20/2023 |
| **Event**[1]
Note: Hearings shall be on Thursdays at 10:00 a.m.[2]
Other dates can be any day of the week. | **Time Computation**[3] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | 6 weeks after scheduling conference | 11/17/2022 | 11/17/2022 |
| Fact Discovery Cut-Off
(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 05/10/2023 | 05/10/2023 |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 03/01/2023 | 03/01/2023 |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 04/12/2023 | 04/12/2023 |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 05/10/2023 | 05/10/2023 |
| Last Date to Hear Motions [Thursday]
• Motion for Summary Judgment due at least 6 weeks before hearing
• All other motions due at least 4 weeks before hearing
• Opposition due 1 week after motion is filed
• Reply due 1 week after opposition is filed | 12 weeks before FPTC | 07/06/2023 | 07/06/2023 |
| Deadline to Complete Settlement Conference [L.R. 16-15]
Select one:   ☐ 1. Magistrate Judge (with Court approval)
              ☒ 2. Court Mediation Panel
              ☐ 3. Private Mediation | 10 weeks before FPTC | 07/19/2023 | 07/19/2023 |
| Trial Filings (first round)
• Motions in Limine
• Memoranda of Contentions of Fact and Law [L.R. 16-4]
• Witness Lists [L.R. 16-5]
• Joint Exhibit List [L.R. 16-6.1]
• Joint Status Report Regarding Settlement
• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)
• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 08/30/2023 | 08/30/2023 |
| Trial Filings (second round)
• Oppositions to Motions in Limine
• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]
• Joint Agreed Upon Proposed Jury Instructions (jury trial only)
• Disputed Proposed Jury Instructions (jury trial only)
• Joint Proposed Verdict Forms (jury trial only)
• Joint Proposed Statement of the Case (jury trial only)
• Proposed Voir Dire Questions, if any (jury trial only)
• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 09/09/2023 | 09/06/2023 |

---

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.