NESENOFF & MILTENBERG, LLP.
ANDREW T. MILTENBERG (NY State Bar No. 2399582; *admitted pro hac vice*)
amiltenberg@nmllplaw.com
STUART BERNSTEIN (NY State Bar No. 2371953; *admitted pro hac vice*)
sbernstein@nmllplaw.com
GABRIELLE VINCI (NY State Bar No.: 5309273; *admitted pro hac vice*)
gvinci@nmllplaw.com
363 Seventh Avenue, 5th Floor
New York, New York 10001-3904
Telephone: (212) 736-4500
Facsimile: (212) 736-2260

SUSAN E. STARK, SBN 147283
sstark@nmllplaw.com
4 Palo Alto Square
3000 El Camino Real, Suite 200
Palo Alto, California 94306
Telephone: (650) 209-7400

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| E.H., a minor by and through her guardian *ad litem* SONYA HERRERA<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CHRISTIAN ACADEMY, FIRST BAPTIST CHURCH, JOEL MIKKELSON, and DOES 1-10,<br><br>Defendants. | Case No.: 2:21-cv-07574-SB-GJS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF MINOR'S COMPROMISE OF A DISPUTED CLAIM AND PENDING ACTION**<br><br>Date: May 25, 2023<br>Time: 10:00 AM<br>Location: Courtroom 6C: 350 West 1st Street, Los Angeles, California<br><br>Original Complaint Filed: 9/22/2021<br>First Amended Complaint Filed: 12/20/2021<br>Trial Date: 10/9/2023 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

   A.   Facts of the Case ........................................................................................ 1

   B.   History of Litigation and Settlement Negotiation ..................................... 2

   C.   The Settlement Agreement ......................................................................... 3

III. ARGUMENT ....................................................................................................... 4

   A.   The Relief Afforded in the Settlement Agreement is Significant and Will Benefit Plaintiff  5

   B.   The Settlement Was Negotiated by Experienced Counsel, After Thorough Investigation by Counsel and the Client ................................................................................. 6

   C.   Disposition of the Proceeds of the Settlement .......................................... 7

IV.  CONCLUSION .................................................................................................... 8

i

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

# TABLE OF CONTENTS

**Cases**

*A.M. v. San Juan Unified Sch. Dis't*,
  No. 2:16-cv-02380-KJM0KJN, 2018 WL 10436221 (E.D. Ca. Apr. 26, 2018) .......................... 6

*Castaneda v. Wendell*,
  No. 1:05-cv-0604-OWW-DLB, 2007 WL 1322357 (E.D. Cal May 2, 2007) .............................. 5

*Colby t. v. Mt. Diablo Unified Sch. Dis't*,
  No. C 11-03108 LB, 2012 WL 1595046 (N.D. Ca. May 4, 2012) .............................................. 6

*D.D. v. Cnty of Kern*,
  No. 1:20-cv-00064 DAD JLT, 2021 WL 237258 (E.D. Cal. Jan. 25, 2021) ............................... 6

*Dacanay v. Mendoza*,
  573 F.2d 1075 (9th Cir. 1983) ..................................................................................................... 4

*J.K. v. Gold Trail Union Sch. Dis't*,
  No. 2:20-cv-02388-MCE-AC, 2022 WL 3219492 (E.D. Ca. July 11, 2022) ............................. 6

*M.D. v. Rosedale Union Sch. Dis't*,
  No. 1:08-cv-01873-AWI-GSA, 2009 WL 1357440 (E.D. Ca. May 13, 2009) ............................ 6

*Phelan v. Brentwood Union Sch. Dis't*,
  2013 WL 323435 (N.D. Cal. 2013) ............................................................................................. 5

*Robidoux v. Rosengren*,
  638 F.3d 1177 (2011) .............................................................................................................. 4, 5

*Walden v. Moffet*,
  No. CV-F-04-6680 LJO DLB, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007) .......................... 5

**Rules**

42 U.S.C. § 1983 ............................................................................................................................. 2
California Code of Civil Procedure § 372 ..................................................................................... 1
California Probate Code § 3602(c)(2) ........................................................................................... 7
California Probate Code § 3602 ..................................................................................................... 1
California Rule of Court 3.1384 ..................................................................................................... 1
CD CA Local Rule 17-1.2 .............................................................................................................. 4
Central District Local Rule 17-1.2 ................................................................................................. 1
Central District Local Rule 17-1.3 ................................................................................................. 1
Fed. R. Civ. P. 17(c) ....................................................................................................................... 4

ii

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff E.H., a former female player on the Cuyama Valley High School's ("Cuyama HS's") football team, has alleged, by and through her guardian *ad litem* Sonya Herrera ("Herrera"), that Defendants intentionally discriminated against her on the basis of her sex. After motion practice and written discovery, counsel for the parties have reached an amicable resolution to this action and seek approval of the parties' negotiated settlement agreement.

As set forth more fully below, the proposed settlement is fair and reasonable, and should be approved by this Court pursuant to Central District Local Rules 17-1.2 and 17-1.3, California Code of Civil Procedure section 372, California Probate Code section 3602 and California Rule of Court 3.1384.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts of the Case

Plaintiff respectfully refers the Court to Plaintiff's FAC for a complete recitation of the facts and allegations underlying the instant dispute. The following is but a high-level summary of the relevant facts underlying the instant motion.

Plaintiff, who is a minor-aged female, was formerly enrolled as a student at the Cuyama Valley High School ("Cuyama HS"). During the 2020-2021 academic year, Plaintiff tried out for and was ultimately rostered as a player on Cuyama HS's 8-man football team. At the time, Plaintiff was the only female player on the team. One of Cuyama HS's football competitors was Valley Christian. At the time, both Cuyama HS and Valley Christian were members of the California Interscholastic Federation (the "CIF") in the same athletic conference.

During the 2020-2021 football season, Valley Christian invited Cuyama HS's football team to Defendants' campus to play a football scrimmage. Accordingly, on March 13, 2021, Plaintiff travelled with the Cuyama HS football team to Valley

1

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

Christian as an invited guest and participated in a league sponsored football scrimmage. Plaintiff played on the field during almost the entire game without incident.

Approximately two days later, Plaintiff learned that Defendants had notified Cuyama HS's Superintendent that Valley Christian would not play football against any team with a female player. Specifically, in a letter from Mikkelson, Valley Christian's superintendent and First Baptist's lead pastor, Defendants advised Cuyama HS's superintendent that, allegedly, Defendants' religious convictions prohibited contact between boys and girls and, therefore, Valley Christian would not play football against Cuyama Valley due to its team including Plaintiff, a female player.

Defendants have denied Plaintiff's allegations.

### B. History of Litigation and Settlement Negotiation

Plaintiff, by and through Herrera, filed a civil complaint on September 22, 2021 alleging violations of Title IX of the Education Amendments of 1972 ("Title IX"), the California Education Code (the "Education Code"), 42 U.S.C. Section 1983, the Unruh Civil Rights Act, and California State Common Law. (Docket No. 1). On September 23, 2021, Herrera filed a petition for appointment as Plaintiff's guardian *ad litem* which was granted on September 27, 2021. (Docket Nos. 8, 16).

On November 29, 2021, Defendants filed their Motion to Dismiss the Complaint. (Docket No. 30). On December 20, 2021, Plaintiff filed a First Amended Complaint ("FAC"), which included claims under Title IX, the Education Code, and the Unruh Act. (Docket No. 34). On January 13, 2022, Defendants filed their Motion to Dismiss the FAC. (Docket No. 44). Plaintiff filed her Opposition to Defendants' Motion to Dismiss the FAC and a Request for Judicial Notice on January 28, 2022. (Docket Nos. 47-48). On February 17, 2022, Defendants filed their Reply and Response to Plaintiff's Request for Judicial Notice. (Docket Nos. 53-54).

2

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

On March 24, 2022, the Court heard argument on Defendants' motion to dismiss. (Docket No. 62). Following oral argument, the Court granted in part and denied in part Defendants' Motion to Dismiss the FAC and granted in part and denied in part Plaintiff's request for judicial notice. (Docket No. 68). Specifically, the Court denied Defendants' Motion to Dismiss the FAC with respect to Plaintiff's claims pursuant to Title IX and the Education Code and granted those parts of Defendants' Motion to Dismiss the FAC pursuant to the Unruh Act, Plaintiff's prayer for injunctive relief, and all claims against Defendant Joel Mikkelson individually. (*Id.*).

Defendants filed an Answer to the FAC on September 6, 2022. (Docket No. 70). The parties in this matter engaged in discovery, including written discovery propounded and responded to by both sides, as well as the production of documents and service of subpoenas to third parties for documents. In addition, Defendants deposed a third-party witness on March 10, 2023 and scheduled additional third-party depositions for the months of March and April 2023.

Following the exchange of written discovery and production of documents, the parties engaged in arm's length negotiations in this matter. (Declaration of Stuart Bernstein ("Bernstein Decl.") ¶ 8). In mid-March 2022, the parties reached a settlement in principal and, thereafter, finalized and executed a mutually agreeable settlement agreement. (*Id.* ¶¶ 8-10). Through a general release between the parties, the fully executed settlement agreement resolves this pending matter. (Bernstein Decl., Exhibit ("Ex.") A).

**C. The Settlement Agreement**

The parties reached a settlement that calls for a total payment of $20,000[1]. (Bernstein Decl., Ex. A). Of the monetary amount, $11,040.40 will be payable to Plaintiff as damages in this matter. (Bernstein Decl. ¶ 14). The remaining $8,959.60

---

[1] As part of the settlement, the parties have agreed to a mutually acceptable joint statement which was negotiated by and through counsel, with Herrera's approval, over several days.

3

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

will be retained by Plaintiff's counsel to cover costs ($1,959.50) and fees ($7,000.00) related to this matter. (*Id.*).

Given the discovery conducted in this matter, the discovery remaining to be completed, and the extensive negotiations between the parties, counsel for Plaintiff is confident that this settlement represents a fair compromise for Plaintiff. (*Id.* ¶ 13). Plaintiff's counsel is only recovering already incurred costs and agreed upon fees relating to this litigation. (*Id.* ¶ 14). Defendants have not agreed to pay money to any person or persons other than Plaintiff, as described above, to settle claims arising out of the same incidents at issue in this case. (*Id.* ¶ 15). Both Plaintiff's counsel and her guardian ad litem agree that this is a fair settlement in this matter and recommend that the Court approve the compromise. (*Id.* ¶¶ 13, 16-20).

## III. ARGUMENT

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are disabled. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). California law requires court approval of the fairness of the terms of the settlement. *Id.* at 1182. Rule 17(c) provides, in relevant part, that a district court "must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minors, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d at 1181 (*quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

In determining the best interests of minors, the court considers whether the settlement amount is fair and reasonable, CD CA Local Rule 17-1.2. This means that

4

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

the Court should evaluate the question of whether the net amount distributed to the plaintiff in the settlement is fair and reasonable, considering the facts of the case, the specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1182. This evaluation must be made "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel." *Id.*; *see also Phelan v. Brentwood Union Sch. Dis't*, 2013 WL 323435 (N.D. Cal. 2013) (applying *Robidoux* to a case involving both federal and state claims).

Based on this standard, the Court should approve the order for compromise in this case.

### A. The Relief Afforded in the Settlement Agreement is Significant and Will Benefit Plaintiff

Plaintiff will receive $11,040.40 in damages through this settlement. Counsel and Plaintiff's guardian ad litem, Herrera, believe that this settlement is in Plaintiff's best interests. Plaintiff has claims in this case for damages pursuant to Title IX and the Code which offer a limited range of damages and avenues for relief[2]. Although there are not many public settlements in cases of this nature, a review of analogous settlements demonstrate that the relief afforded to Plaintiff is within the range of results for similar claims. *See e.g.*, *Castaneda v. Wendell*, No. 1:05-cv-0604-OWW-DLB, 2007 WL 1322357, at *2-3 (E.D. Cal May 2, 2007) (approving minor's settlement in the amount of $32,939.53 for actions taken by school principal that caused embarrassment and humiliation); *Walden v. Moffet*, No. CV-F-04-6680 LJO DLB, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007) (approving a $13,349 net settlement to a child who alleged he was discriminated against); *M.D. v. Rosedale Union Sch. Dis't*, No. 1:08-cv-01873-AWI-GSA, 2009 WL 1357440 (E.D. Ca. May

---

[2] Notably, the range of damages available to Plaintiff under Title IX was significantly reduced following the Supreme Court's ruling in *Jane Cummings v. Premier Rehab Keller*, 142 S. Ct. 1562 (Apr. 28, 2022), which held that emotional distress damages are no longer available to litigants under Title IX.

5

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

13, 2009)(approving $9,999.00 compromise for minor student alleging gender and sexual orientation discrimination); *D.D. v. Cnty of Kern*, No. 1:20-cv-00064 DAD JLT, 2021 WL 237258 (E.D. Cal. Jan. 25, 2021) (approving $25,000 gross settlement to minor student plaintiff); *Colby t. v. Mt. Diablo Unified Sch. Dis't*, No. C 11-03108 LB, 2012 WL 1595046 (N.D. Ca. May 4, 2012) (approving $28,650 settlement on behalf of special education student); *A.M. v. San Juan Unified Sch. Dis't*, No. 2:16-cv-02380-KJM0KJN, 2018 WL 10436221 (E.D. Ca. Apr. 26, 2018) (approving $39,000 settlement on behalf of student); *J.K. v. Gold Trail Union Sch. Dis't*, No. 2:20-cv-02388-MCE-AC, 2022 WL 3219492 (E.D. Ca. July 11, 2022) (approving gross $40,000 settlement to student under Title VI, including a payment of $11,543.50 to attorneys for fees and costs).

Accordingly, as the net settlement funds are within the range of settlements approved in similar cases, and in light of Counsel's and Herrera's good faith belief that the settlement is for the benefit of Plaintiff, the Court should grant approval of the compromise on Plaintiff's behalf.

### B. The Settlement Was Negotiated by Experienced Counsel, After Thorough Investigation by Counsel and the Client

In this case and motion, the plaintiff has been represented by Nesenoff & Miltenberg, LLP. Counsel began representing Plaintiff in April 2021 in connection with this case. Plaintiff, by and through Herrera, and counsel have an agreement for services provided in connection with this case. Pursuant to the agreement, counsel took this matter on a contingency basis and did not charge any hourly fees or expenses to Plaintiff, but Plaintiff and Herrera understood that counsel would seek recovery of any third-party expenses and a percentage of any recovery as fees following any settlement or judgment entered on Plaintiff's behalf. (Bernstein Decl. ¶ 6). Counsel explicitly discussed with Herrera (who is Plaintiff's mother and guardian ad litem) the breakdown of fees and costs in relation to the payment to Plaintiff. (*Id.* ¶ 18). Herrera acknowledged her understanding of the breakdown and approved the terms

6

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

and conditions of the settlement agreement, including the allocation of settlement funds to Plaintiff and the firm and the disposition of this case as a result of the agreement. (*Id*. ¶ 16-20).

Counsel has extensive knowledge and experience in this field of Title IX related litigation. (*Id*. ¶ 6). Counsel did not become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier. (*Id*. ¶ 7). Plaintiff's counsel is not representing or employed by any other party or insurance carrier involved in the matter. (*Id*.).

Herrera has been intimately involved in all aspects of the litigation throughout this case, including the settlement proceed. (*Id*. ¶ 8, 16-20). Herrera has been advised of all settlement negotiations and fully supports this settlement. (*Id*.). Both Plaintiff's Counsel and Herrera have conducted a careful and diligent inquiry and investigation to ascertain the facts related to this case and the strengths and weaknesses of this case, including the potential damages available to Plaintiff. (*Id*.). Herrera fully understands that is the settlement proposed in this petition is approved by the Court, Plaintiff will be barred from seeking any further recovery of compensation from Defendants related to the incidents alleged in the FAC. (*Id*.). Herrera has expressed to Counsel that she has advised Plaintiff of these factors and, having done so, Herrera and Plaintiff's counsel are pleased with the outcome of the litigation and the compensation Plaintiff will receive for the harm that she alleges to have suffered. (*Id*.).

As Herrera has been innately involved in all aspects of this litigation, including the settlement process, and has approved the proposed settlement as being in the best interests of Plaintiff, the Court should grant approval of the compromise on Plaintiff's behalf. (*Id*.).

### C. Disposition of the Proceeds of the Settlement

This Court has discretion, pursuant to California Probate Code section 3602(c)(2), to order Plaintiff's portion of the settlement to be held on such conditions

7

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities

as in the best interest of Plaintiff. Here, Plaintiff has been represented by Herrera, her mother and court-appointed guardian ad litem. Herrera resides with Plaintiff and is fully responsible for her care. (*Id.* ¶ 2). Plaintiff will soon reach the age of majority, 18, which will occur on August 12, 2023. (*Id.* ¶ 21). Accordingly, placing the funds in a special need or trust instrument would serve little purpose; the funds would remain in such an instrument only a few months. As good cause is shown, there is no need or requirement that her settlement proceeds be placed in a special need or other trust instrument, and Plaintiff's Counsel respectfully requests that the funds be released to Herrera on Plaintiff's behalf.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests approval of the Settlement Agreement in this action.

Dated: April 26, 2023

Respectfully Submitted,

NESENOFF & MILTENBERG, LLP.

By: */s/ Stuart Bernstein*
    Susan Stark, Esq.
    Andrew T. Miltenberg, Esq.
    *(admitted pro hac vice)*
    Stuart Bernstein, Esq.
    *(admitted pro hac vice)*
    Gabrielle M. Vinci, Esq.
    *(admitted pro hac vice)*

Attorneys for Plaintiff
-and-

PALAY HEFELFINGER, APC

By: */s/ Brian Hefelfinger*
    Brian Hefelfinger, Esq.

Local Counsel for Plaintiff

8

E.H. v. Valley Christian Academy, et. al.
Case No.: 2:21-cv-07574-SB-GJS
Plaintiff's Memorandum of Points and Authorities